No. 37,278

CALEB HULTZ and LUELLA HULTZ, *Appellees* and *Cross-appellants*, v. JOHN TAYLOR et al., *Appellants.*

(199 P. 2d 529)

Opinion filed November 13, 1948.

*Richard B. Stevens,* of Lawrence, argued the cause, and *John J. Riling* and *John W. Brand,* both of Lawrence, were with him on the briefs for the appellants.

*George K. Melvin,* of Lawrence, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This case was here before (163 Kan. 180, 181 P. 2d 515), where the record disclosed that the court had not made conclusions of law upon the controverted testimony. The case was reversed for further proceedings in harmony with the opinion. When the case was called again in the trial court plaintiffs requested the court to set the case down for trial to an advisory jury or to select a judge pro tem, as provided by law, to hear and determine the cause. Defendants requested the court to quiet their title to the property in its entirety and that the court render judgment against them herein for the total amount of money shown by the record in this cause to have been paid by the plaintiff, Caleb Hultz, to the defendants, Hugh Taylor, together with interest. This was the first time defendants recognized that plaintiffs had any interest in the

property. Each of the requests was overruled. The court inquired of the parties as to whether they had any further evidence to introduce other than evidence as to amounts paid by the parties since the trial by way of taxes due on the real estate. The parties answered in the negative. The journal entry continues:

"Whereupon, the court finds that a judgment should now be rendered upon the findings of fact by the court heretofore filed herein. It is the further finding of the court that the real estate concerned herein should be appraised as hereinafter specified; that each party may elect to take said real estate at its appraised value within ten days after said appraisement. If neither party shall so elect, or if both elect, then said real property should be sold by execution issued out of this court upon proper praecipe; that the proceeds from said execution sale should be brought into court there to be dealt with in accordance with the judgment now to be rendered."

The court rendered judgment in harmony with these findings. The court appointed three appraisers and directed them to view and appraise the property and to file their report with the court, and ordered that if either of the parties should elect to take the property at the appraised value the proceeds should be paid into court; that if none of the parties elected to take the property, or both should do so, the property should be sold upon execution issued upon praecipe therefor by the sheriff, after due notice, for not less than three-fourths of its appraised value; and that the funds arising from the execution sale, or from the proceeds of any election by either party, should be brought into court and distributed: First, by the payment of costs; second, plaintiffs should receive $1,161.69, the defendant, Hugh Taylor, should receive $2,455.29, these sums to be subject to any showing of the payment of taxes; and that the balance would be paid in equal amounts to the plaintiffs and to the defendant, Hugh Taylor.

The plaintiffs and defendants each filed a motion for a new trial. These motions were considered by the court and overruled. The defendants appealed from the judgment and the plaintiffs filed a cross-appeal. In this court both parties argue that the judgment is erroneous, although appellees express the view that they are satisfied with the result if the judgment can legally stand.

The basic legal difficulty with the judgment from which appeals are now presented is that the plaintiffs in their petition claim only to be entitled to the south fifteen acres of the thirty-acre tract. The defendants in their answer claim to be entitled to all of it. There was therefore no controversy between the parties as to de-

fendants' right to the north fifteen acres of the tract. In this situation it was error for the trial court to order the sale of all of the tract.

The result is the judgment of the trial court must be reversed for further proceedings in harmony with the pleadings of the parties and the evidence as the court finds it to be. It is so ordered.