No. 37,823

CALEB HULTZ and LUELLA HULTZ, *Appellants* and *Cross-Appellees,* v. JOHN TAYLOR, et al., *Appellees* and *Cross-Appellants.*

(215 P. 2d 145)

Opinion filed February 28, 1950.

*Geo. K. Melvin,* of Lawrence, was on the briefs for the appellants and cross-appellees.

*John W. Brand, Richard B. Stevens,* and *John J. Riling,* all of Lawrence, were on the briefs for the appellees and cross-appellants.

The opinion of the court was delivered by

HARVEY, C. J.: This was a suit in equity to determine the title of the respective parties to a described thirty-acre tract of land which they redeemed from a mortgage foreclosure. The facts shown by the record, which are not in controversy, may be stated as follows: Caleb Hultz, hereinafter referred to as plaintiff, lived on the land and Hugh Taylor, hereinafter referred to as defendant, was farming it. A mortgage on the land previously given by plaintiff and his wife had been foreclosed and the period of redemption was about to expire. Plaintiff and defendant desired to redeem it. Neither of them had much money. They had no written agreement between them. Defendant's father, John Taylor, who had a good bank credit, agreed to help his son out. The matter was handled as follows: Plaintiff and his wife conveyed the land to John Taylor. He borrowed $2,450 from the bank and secured it by a mortgage on the thirty-acre tract and other land. Plaintiff and defendant were to pay off that mortgage with interest. The cost of redemption was $2,852.11. Plaintiff contributed $276.36 and defendant contributed $125.75. These sums, plus the money borrowed, were used to redeem the property. Plaintiff continued to live on the property. Defendant continued to farm the land. Neither paid rent to the other. In a few years the note to the bank, with interest, was paid by defendant, partly with the money furnished by plaintiff. John Taylor and wife conveyed the land to defendant. That was the status when plaintiff and his wife brought this action.

In the petition the above facts were alleged in more detail than here set out, and it was further alleged that at the time the arrangements were made to redeem the property plaintiff and defendant had an oral agreement to the effect that each should pay upon the mortgage given to the bank and when plaintiff paid one-half the cost of redemption, with interest at five percent, he should be the owner of the south fifteen acres of the thirty-acre tract and the defendant the owner of the north fifteen acres.

In his answer defendant admitted the facts above stated as not being in controversy, denied the oral agreement alleged by plaintiff, and claimed title to the thirty-acre tract. In the trial defendant testified that his oral agrement with plaintiff was that he was to buy the land for $3,000; that plaintiff was to help him pay off the mort-

gage and he was to pay back to plaintiff any money plaintiff had furnished him to pay off the mortgage.

On the trial the court found that plaintiff had paid to defendant $1,145.45 for principal and interest on the mortgage to the bank and taxes and had also paid an item of $19.55 for insurance on the buildings on the property, and it was stipulated by the parties that if the plaintiff should pay $646.80 to defendant he would have paid one-half of the cost of redemption of the land together with one-half of the taxes and all other items of expense.

The court found that plaintiff's evidence was not sufficient to support the oral contract pleaded by plaintiff that he was to have the south fifteen acres when he paid to defendant one-half of the cost of redemption, taxes and other items. The court also found that defendant's evidence did not support his claim that he was to buy the property for $3,000, and that the money plaintiff had given defendant to pay the mortgage at the bank was to be paid back to plaintiff and that he should have the title to the entire thirty acres. The court concluded it had jurisdiction to partition the thirty-acre tract between plaintiff and defendant, but would not adjudge partition unless within three days one or both of the parties requested an order of that kind. The order was not requested and the court taxed the costs to plaintiff.

From this order plaintiff appealed and this court wrote an opinion, which is found in 163 Kan. 180, 181 P. 2d 515, in which it was held that the trial court had not completed the case and remanded it for further proceedings.

When the case reached the trial court the court inquired of the parties if they had further evidence to offer and they answered in the negative. The court made no additional conclusions of fact or of law. The court rendered a decree in which it appointed appraisers to appraise the thirty-acre tract of land and report to the court. It gave the parties opportunity to take the property at the appraised value, and if that was not done that the property be sold, and made an order for the distribution of the proceeds.

From this decree the defendant appealed and contended, among other things, that the judgment was outside of the issues framed by the pleadings, contending that the plaintiff in his petition sought only the south fifteen acres and conceded defendant had the north fifteen acres; that no issue had been raised by the pleadings as to the title to the north fifteen acres.

Plaintiff filed a cross-appeal, but in his briefs stated he was satisfied with the decree if it could legally be sustained. However, he joined the defendant in arguing that the appeal could not be sustained, and argued that the court should set aside the south fifteen acres to him. Both parties argued other details of the procedure. This court, in an opinion (166 Kan. 55, 199 P. 2d 529), adopted the view (we now think erroneously) that the controversy was over only the south fifteen acres, and again remanded the case for further proceedings.

When the case reached the trial court again, in discussing our last decision, the court observed that there is considerable difference betweeen the allegations as to what the agreement was and an allegation that a certain part of the land belonged to someone. The court expressed the view that the entire thirty-acre tract was involved and that it would be inequitable to limit the decision to the south fifteen acres, but regarded the court as being bound by its last decision on that point. The court made supplemental conclusions of fact as follows:

"I. The plaintiff, Hultz, did not have any agreement with the defendant, Hugh Taylor, by which he was to have or receive the South Fifteen Acres of the Tract in question after the redemption thereof. Neither did he have any agreement with Hugh Taylor that Taylor was to have or receive the North Fifteen acres of the Tract in question after the redemption thereof.

"II. The plaintiff, Hultz, and the defendant Hugh Taylor, did not have an agreement that after the redemption of the Thirty Acre Tract from the foreclosure sale Taylor was to have or receive all of the Thirty Acre Tract when he paid to Hultz the amount which Hultz contributed toward the redemption and other items with interest thereon and about One Hundred Fifty Dollars additional.

"III. The plaintiff, Hultz, and the defendant, Hugh Taylor, each contributed certain moneys toward the redemption of the Thirty Acre Tract from the foreclosure sale and also certain moneys for the payment of insurance, taxes, and other expenses.

"IV. The Thirty Acre Tract was redeemed as a whole and not in parcels of the North Half and South Half thereof.

"V. The deed from Luella Hultz and Caleb Hultz to John Taylor was for the purpose of securing a loan on the land and not for any other purpose and the subsequent deed from John Taylor and wife to Hugh Taylor did not vest the title in Hugh Taylor to any greater extent, so far as the plaintiffs were concerned, than the deed from the Hultzes to John Taylor. The whole transaction, so far as the deeds were concerned, was for the purpose of getting money with which to enable the plaintiffs and the defendant, Hugh Taylor, to redeem the land from the foreclosure sale."

And made supplemental conclusions of law as follows:

"I. Agreeable with the opinion and mandate of the Supreme Court, announced in *Hultz v. Taylor,* 163 Kan. 180, this action is one in equity, and, as the trial court understands the opinion, the alleged failure of such court to render a judgment other than for costs and an option on the part of either party to obtain partition necessitated a reversal of what the trial court did in the premises.

"II. Where parties contribute certain moneys for the purchase of real estate or for the redemption thereof from a foreclosure sale and also share in the payment of certain expenses and charges incident to the real estate and neither is able to substantiate any agreement between them as to who should receive the benefit of the payments so made or in whom the title to the land so redeemed should vest, equity should award the title to the land to both parties so that they become tenants in common, or joint owners thereof.

"III. In view, however, of the finding and judgment of the Supreme Court as expressed in next to the last paragraph of its opinion in the case of *Hultz v. Taylor,* 166 Kan. 55, that the defendant Taylor is the owner of the North Fifteen Acres of the Thirty Acre Tract in question, and that the plaintiff, Hultz, has no interest therein because of the allegations in his petition, equity, under the Conclusion of Fact in this case, and the Mandate of the Supreme Court, will award the title to the South Fifteen Acres of the Thirty Acre Tract to the parties who contributed to the redemption of the whole Thirty Acre Tract.

"IV. Equity will, in this action, decree a division of the South Fifteen Acres of the Thirty Acre Tract among the parties who contributed to the redemption thereof, from the foreclosure sale, if either of the parties move for such a division within sixty days from the entry of the judgment herein."

A formal decree was rendered for the partition of the south fifteen acres only. Plaintiff has appealed and defendant has filed a cross-appeal.

Upon this appeal counsel for both parties question the sufficiency of the supplemental conclusions of fact under the evidence. We have examined the evidence and find no reason to say that the supplemental conclusions of fact are not supported by the evidence. Indeed, each of them appears to be so supported. As earlier pointed out in this opinion, the evidence can be classified into two classes, that which was not controverted and that which was controverted. The controverted evidence pertains to the oral agreements contended for by the respective parties. When the court found that the evidence was not sufficient to sustain plaintiff's evidence as to the oral contract respecting the division of the property, and also found the evidence was insufficient to sustain the evidence of defendant as to the oral contract respecting the title to the property,

there was left in the case only what we have classified as the uncontroverted evidence. We therefore approve the supplemental conclusions of fact. We also approve conclusion of law No. I, that this is a suit in equity and should be governed by equitable principles. We also approve conclusion of law No. II as stating the equitable rules of law applicable to this case. Counsel for defendant in this appeal questions the applicability of the rules of law stated in this conclusion of law to the facts of this case. We think they are applicable.

Conclusion of law No. III obviously was made contrary to the trial court's judgment and upon the theory that the court had to make it in view of our decision in 166 Kan. 55, 199 P. 2d 529. We shall not debate whether the trial court was justified in taking that view, and if what we said in that opinion forced the trial court to take that view it was erroneous and is disapproved.

The result is that the supplemental conclusions of fact by the trial court are approved. We also approve conclusion of law No. I, that this is a suit in equity and should be governed by equitable principles, and we approve conclusion of law No. II as correctly stating the equitable rules applicable to this case. We set aside conclusions of law Nos. III and IV as not being in accord with the trial court's judgment.

In lieu thereof the court should find the fractional share of the thirty-acre tract of land owned by Caleb Hultz and the fractional share owned by Hugh Taylor. Whether that is done by permitting and requiring Hultz to pay Taylor a sum which the court shall find will make each of the parties the owner of an undivided one-half of the land, or whether such respective shares are determined by the amount each has paid to redeem the land plus taxes and other items, if any, which should be taken into account, is for the trial court to determine under all the facts and circumstances in the case.

When these fractional shares are determined the parties shall be permitted to own the land as tenants in common, if they desire to do so, as no request has as yet been made by either party for the partition of the land. However, the case is one in which the court has authority (G. S. 1935, 60-2114) to allow partition if either of the parties requests the same. If partition is requested the procedure outlined by G. S. 1935, 60-2105 et seq., should be followed; that is, commissioners should be appointed to partition the land in kind, if that can be done without manifest injury, and if not, then

to make a valuation and appraisement of the property. Subsequent procedure to be had as authorized by the statute.

The judgment appealed from is modified.